## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARGARET HERSTER** | **CIVIL ACTION** |
| **AND SCOTT SULLIVAN** | |
| | |
| **VERSUS** | **NO. 3:13-CV-00139** |
| | |
| **BOARD OF SUPERVISORS OF** | **JUDGE: JAMES J. BRADY** |
| **LOUISIANA STATE UNIVERSITY,** | |
| **ROD PARKER, KEN CARPENTER,** | **MAGISTRATE JUDGE:** |
| **A.G. MONACO, JENNIFER NORMAND** | **STEPHEN C. RIEDLINGER** |
| **MIMI RUEBSAMEN and KIMBERLY ARP** | |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT,** through undersigned counsel, come Defendants, Louisiana State University Board of Supervisors, Rod Parker, Ken Carpenter, A.G. Monaco, Jennifer Normand, Mimi Ruebsamen, and Kimberly Arp, who respectfully submit the following *Opposition* to the Plaintiffs' *Motion for Summary Judgment.*

It is essential to a spoliation claim that the allegedly spoiled evidence be evidence that a party would otherwise be entitled to discover. In this matter, Plaintiff is claiming "spoliation" of personal handwritten notes of a faculty member created during a confidential meeting that Plaintiff would never be entitled to see in the first place. These notes are not public records, they are not university documents, and they are not subject to discovery by any means. Accordingly, they cannot be the subject of a spoliation claim. Further, even if these notes were discoverable, Plaintiffs have not overcome the burden of proof that such notes were intentionally destroyed for the purpose of depriving Plaintiffs thereof in litigation. All Defendants have testified that there was no intentional deprivation, the presence of which alone creates a material fact which precludes the rendering of summary judgment on this issue.

1

## I.    FACTUAL BACKGROUND

The present case arises out of the non-renewal of Plaintiff Margaret Herster's appointment as Professional-in-Residence in the School of Art of the College of Art + Design at Louisiana State University. Plaintiff Herster and her husband, Plaintiff Scott Sullivan, filed suit against the LSU Board of Supervisors (hereinafter, "LSU") and LSU employees Rod Parker, Ken Carpenter, A.G. Monaco, Jennifer Normand, Mimi Ruebsamen, and Kimberly Arp.

Plaintiffs filed the present Motion for Summary Judgment as to their spoliation claim. Plaintiffs claim that Defendants intentionally destroyed the notes taken by Defendant Arp during the two faculty panel discussions held in the Spring of 2012, at which the faculty recommended non-renewal of Plaintiff Herster's appointment. Plaintiff Herster claims that these notes establish that the reasons that the faculty recommended non-renewal of her appointment was her internal grievance against Defendant Rod Parker and subsequent EEOC charge and her report to LSU Internal Audit alleging mishandling of course fees in the School of Art.

On page 4 of her *Memorandum in Support of Motion for Summary Judgment,* Plaintiffs claim that "both Ms. Herster's EEOC complaint and her reporting of unlawful course fee practices at the School of Art (which had given rise to the unfolding audit) were considered by the faculty" and that "Ms. Herster's prospective litigation was discussed." Yet, Plaintiffs offer no evidentiary support for these statements. On the contrary, the deposition testimony taken in the present case unequivocally shows that such statements are untrue. Defendant Carpenter,[1] Defendant Arp,[2] Denyce Celetano,[3] and Derick Ostrenko[4] all testified that Plaintiff Herster's EEOC complaint, and report alleging the mishandling of student course fees were not discussed

---

[1] Deposition of Ken Carpenter, attached hereto as Exhibit "A" at p. 42, lines 9-17.
[2] Deposition of Kimberly Arp attached hereto as Exhibit "B" at p. 68, lines 7-14
[3] Deposition of Denyce Celetano, attached hereto as Exhibit "C" at p. 32, line 16 to p. 33, line 19.
[4] Deposition of Derick Ostrenko attached hereto as Exhibit "D" at p. 24, lines 1-10; p. 23, lines 4-6.

by the faculty at either meeting. As to the issues that were discussed, Mr. Ostrenko recalled that the areas of teaching, service, and research were discussed, and he specifically recalled discussion of Plaintiff Herster's teaching evaluations.[5] Ms. Celetano, who was only present for the first meeting, recalled that Plaintiff Herster's "reluctance to teach" and lack of collegiality were discussed.[6] Defendant Carpenter recalled that at the second meeting, the faculty mainly discussed the additional course evaluations, "one [of which] was glowing; one [of which] was damning."[7]

It should be noted that Defendant Arp stated in his deposition that Plaintiff Herster's EEOC complaint/grievance against Defendant Parker and report alleging mishandling of student course fees were brought up by a small portion of the faculty at the two meetings. The reason that these two issues were mentioned at the meetings was because these issues were addressed by Plaintiff Herster in her letter to the faculty that she submitted for her reappointment packet.[8] However, these issues were not discussed by the faculty because Defendant Arp "redirected the focus to the merits of [Plaintiff Herster's] case only."[9] Defendant Arp informed the faculty that the course fees report and the EEOC complaint/grievance against Rod Parker were "a totally separate issue" from the merits of Plaintiff Herster's candidacy.[10] As such, these issues were not discussed by the faculty.[11]

Following the faculty votes recommending non-reappointment, Defendant Arp, as the Tenured Faculty Coordinator, prepared a memorandum outlining the important factors

---

[5] *Id.* at  p. 26, line 4 to p. 28, line 1.
[6] Deposition of Denyce Celetano, attached hereto as Exhibit "C" at p. 32, lines 10-17; p. 34, lines 14-19.
[7] Deposition of Ken Carpenter attached hereto as Exhibit "A" at p. 45, lines 11-25.
[8] Deposition of Margaret Herster attached hereto as Exhibit "E" at p. 207-212.
[9] Deposition of Kimberly Arp attached hereto as Exhibit "B" at p.69.
[10] *Id.*
[11] See also, Deposition of Derick Ostrenko attached hereto as Exhibit "D" at p. 26; p. 63, line 18 to p. 64, line 24.

underlying the faculty panel's recommendation, in accordance with PS-36-NT. Defendant Arp's memoranda were drafted using the handwritten notes he took at the two meetings. Since Plaintiff Herster's course fees report and the EEOC complaint/grievance against Rod Parker were not items to be considered by the faculty in making their recommendation, Defendant Arp did not include in his notes that these two issues were briefly mentioned by the faculty at the meetings.[12] Defendant Arp maintained his notes until the University made its final determination regarding non-renewal of Plaintiff Herster's appointment, as was his usual practice. [13,14]

Plaintiff Herster claims that she is entitled to the notes taken by Defendant Arp, even though her position is not supported by LSU policy or practice. LSU Policy Statement 36-NT governs the appointment, reappointment, and non-reappointment procedure for non-tenured faculty such as Plaintiff Herster. In the present case, a faculty panel was convened to consider renewal of Plaintiff Herster's appointment. When the faculty panel "arrives at a recommendation," PS-36-NT requires that a report be drafted of the recommendation.[15] The report must include (1) a tally of the vote, (2) the number of panel members who did not vote, (3) the chair's independent judgment and recommendation with regard to the decision, (4) analysis and explanations, as needed, with regard to letters from outside experts…, and (5) **an account of the important factors underlying the panel's recommendation**, including minority views, with written statements by those supporting a minority viewpoint when they so choose."[16]

---

[12] Deposition of Kimberly Arp attached hereto as Exhibit "B" at p. 75-76.

[13] *Id.* at  p. 65-67.

[14] Defendants object to Plaintiffs' unfounded characterization of Defendant Arp, as set forth on page 9 on their *Memorandum in Support of Motion for Summary Judgment.* Plaintiffs provide absolutely no evidentiary support for their inflammatory statements that Defendant Arp's "position was in jeopardy" and that he had a "prior record of sexual harassment allegations."

[15] PS-36-NT attached hereto as Exhibit "F" at  p. 17.

[16] *Id.* at p. 18.

[emphasis added]. The faculty member whose appointment was considered by the faculty panel is required to be given a copy of the report.[17]

There is no requirement in PS-36-NT that notes be taken during the faculty panel discussion and that any such notes be provided to the faculty member whose appointment was considered by the faculty panel. Yet, Plaintiff Herster insists that she is exempt from LSU policy and was entitled to the notes taken by Defendant Arp. Plaintiff Herster was not entitled to the notes taken by Defendant Arp. As will be shown below, Defendant Arp's notes were his personal notes and not University records or included in any official LSU record, nor were his notes public records. There is no basis for Plaintiff Herster's assertion that she was entitled to the notes at issue. It follows that the destruction of the notes did not deprive her of use of those notes, a required element for a spoliation cause of action. As such, Plaintiffs are not entitled to summary judgment on their claim of spoliation, and Plaintiffs' Motion for Summary Judgment must be denied.

## II.    LAW AND ARGUMENT

### a.    There is no cause of action for spoliation against the individual defendants in federal court.

It is well-established that state officials are immune from suit in federal court "on alleged violations of state law brought under the federal courts' supplemental jurisdiction."[18] The *Ex Parte Young* doctrine does not apply to state law claims asserted against state officials in federal court.[19] In the present case, Plaintiffs have asserted a cause of action for spoliation against the

---

[17] *Id.* at p. 22.

[18] Earles v. State Bd. of Certified Pub. Accountants of Louisiana, 139 F.3d 1033, 1039 (5th Cir. 1998); *See Pennhurst*, 465 U.S. at 103–21, 104 S.Ct. at 909–19; *see also* Papasan v. Allain, 478 U.S. 265, 277, 106 S.Ct. 2932, 2939–40, 92 L.Ed.2d 209 (1986); Oneida County v. Oneida Indian Nation, 470 U.S. 226, 251, 105 S.Ct. 1245, 1260, 84 L.Ed.2d 169 (1985); Hays County Guardian v. Supple*, 969 F.2d 111, 125 (5th Cir.1992), *cert. denied,* 506 U.S. 1087, 113 S.Ct. 1067, 122 L.Ed.2d 371 (1993).

[19] *Earles,* 139 F. 3d at 1039.

Board and the individual defendants. Plaintiffs' claim of spoliation arises under Louisiana law. The individual defendants are immune from suit in federal court for the spoliation claim. Therefore, summary judgment cannot be rendered against the individual defendants for spoliation.[20]

### b. Plaintiffs are not entitled to summary judgment against LSU on their claim of spoliation.

A claim for spoliation of evidence has three elements. First, the spoiling party must have controlled the evidence and been under an obligation to preserve it at the time of destruction. This obligation arises when a party knows or should have known that the spoiled evidence was relevant to current or future litigation. Second, the evidence must have been intentionally destroyed. Negligent destruction of evidence is not enough.[21] Third, the moving party must show that the spoiling party acted in bad faith. The burden of proving bad faith lies with the moving party.[22] Plaintiffs are not entitled to summary judgment on their spoliation claim because LSU did not have a duty to preserve Defendant Arp's notes, and Plaintiffs cannot prove that LSU acted in bad faith by not requiring Defendant Arp to preserve his notes. Therefore, Plaintiffs' Motion for Summary Judgment must be denied.

### i. LSU had no duty to preserve Defendant Arp's notes.

Plaintiffs are not entitled to summary judgment on their spoliation claim because they cannot establish that LSU had a duty to preserve the notes taken by Defendant Arp. As will be shown below, the notes taken by Defendant Arp were his personal notes, not an official LSU

---

[20] Plaintiffs did not request summary judgment against Mimi Ruebsamen. However, she is immune from suit in federal court for state law claims, and thus, summary judgment cannot be rendered against her.

[21] Cavier v. Our Lady of the Lake Hospital, Inc., 112 So.3d 881, 885, 2012-0560 (La.App. 1 Cir. 2012) *citing* Barthel v. State, Dep't of Transp. And Dev., 917 So.2d 15, 20, 93-1983 (La.App. 1 Cir. 2005).

[22] Williams v. C Martin Co. Inc., CIV.A. 07-6592, 2014 WL 1652438 (E.D. La. Apr. 24, 2014) [internal citations omitted].

record or a public record. For this reason, LSU lacked control over Defendant Arp's notes and did not have a duty to preserve his notes.

### 1.   The notes are Defendant Arp's personal notes.

Defendant Arp chose to take notes of the two faculty panel discussions regarding renewal of Plaintiff Herster's appointment in order to assist him in drafting the memoranda outlining the important factors underlying the faculty panel's recommendation. Defendant Arp's notes were his personal notes and were not property of LSU.

### a.   The notes are not University records.

LSU Policy Statement 74 defines "University Records" as

> All of the records of the University, its offices, departments, and bureaus, or collected or preserved by such offices, departments, and bureaus for informational or legal value, are University Records. The personal papers of faculty, officers, and staff of the University, documenting their personal research and professional activities, are not included in University Records.

The notes taken by Defendant Arp at Plaintiff Herster's two reappointment meetings do not constitute University Records. Notes taken during a faculty panel discussion are not collected or preserved by the University.[23] In fact, LSU does not require that notes be taken during a faculty panel discussion.[24] Defendant Arp's notes were not minutes of the meeting. The notes were taken by Defendant Arp on his own initiative to allow him to draft a memorandum outlining the reasons the faculty voted not to renew Plaintiff Herster's appointment.[25]

The notes at issue in the present case constitute Defendant Arp's personal papers. Personal papers documenting personal research and professional activities are specifically excluded from University Records. These notes are personal papers because they were taken by

---

[23] *See* Affidavit of Margaret "Mimi" Singer attached hereto as Exhibit "G."
[24] PS-36-NT attached hereto as Exhibit "F" at p. 17-18.
[25] Deposition of Kimberly Arp attached hereto as Exhibit "B" at p. 65-67.

Defendant Arp for his purposes only, to assist him in drafting a letter summarizing the faculty panel's discussion.[26] These notes documented Defendant Arp's participation in a professional activity, the faculty panel review of Plaintiff Herster. Therefore, these notes are not University Records.

### b. The notes are not subject to disclosure under the Public Records Law.

Not only are Defendant Arp's notes not University Records, Defendant Arp's notes are not public records. As previously discussed, notes are not required to be taken during faculty panel discussions regarding reappointment, any such notes are not maintained by the University, and are not included in employees' personnel records.[27]

Nevertheless, even if Defendant Arp's notes were public records, the notes are not subject to disclosure under Louisiana's Public Records Law, La. R.S. 44:1 *et seq.* To disclose the notes would be an unreasonable invasion of Defendant Arp's privacy. Article I, Section V of the Louisiana Constitution states that "Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy." Defendant Arp's notes are his personal papers, not public records. The mere fact that Defendant Arp is an LSU employee does not render his personal notes official LSU documents and therefore, public records.

The Louisiana Attorney General has opined as to whether unofficial documents are subject to disclosure under Louisiana's Public Records Law. In Opinion No. 74-589, the Attorney General stated that "there is no requirement that a supervisor allow an employee to see files that the supervisor keeps for his own personal reference, assuming the files are not required

---

[26] *Id.* at p. 60, lines 20-22.
[27] *See* Affidavit of Margaret "Mimi" Singer attached hereto as Exhibit "G."

to be kept by the position he holds and are not used in the employee's permanent record."[28] In the instant case, Defendant Arp took notes for his own personal reference to assist him in drafting the memorandum outlining the reasons for the faculty's recommendation. He was not required to take notes, and the notes are not part of any official record pertaining to Plaintiff Herster.

In Opinion No. 88-24, the Attorney General stated that "unofficial tape recordings made solely for the personal use of a supervisor to assist him in making a recommendation regarding an employee's grievance" are not subject to disclosure under Louisiana's Public Records Law.[29] Pertinent to this opinion was the fact that these recordings were not "maintained or required to be maintained by [the] department" and "were not made a part of any personnel files or permanent records maintained by or on behalf of the department."[30] Here, Defendant Arp's notes were taken solely to assist him in drafting the memorandum outlining the reasons for the faculty's recommendation. Notes are not required to be taken during faculty panel discussions, and Defendant Arp's notes are not an official account of the faculty panel discussion. Furthermore, such notes are not maintained or required to be maintained by the University and are not included in any record maintained by the University.

The Attorney General's opinions on this issue are consistent with federal jurisprudence interpreting whether documents are "agency records" under the Freedom of Information Act ("FOIA"). In *Kissinger v. Reporters Comm. for Freedom of the Press*,[31] the Supreme Court established the factors used to determine whether a document constituted an "agency record" and thus, subject to production under FOIA. Those factors are "whether the documents were (1) in

---

[28] Attorney General Opinion No. 74-589 attached hereto as Exhibit "H."
[29] Attorney General Opinion No. 88-24 attached hereto as Exhibit "I."
[30] *Id.*
[31] 445 U.S. 136, 157, 100 S.Ct. 960, 972, 63 L.Ed.2d 267 (1980).

the agency's control; (2) generated within the agency; (3) placed into the agency's files; and (4) used by the agency "for any purpose."[32]

For example, in *Hamrick v. Dep't of Navy*,[33] the court held that notebooks containing the notes of a Navy employee were not "agency records" under FOIA and were, instead, personal documents. "Haberlin created [the notes] without being directed to do so by the Agency for her own personal reasons, and maintained them for her own convenience. In the notebooks, Haberlin 'jotted down' notes 'so [she] would have a means to jog [her] memory if the need arose when [she] was preparing briefings or other official agency documents.'"[34] The Court also found that the Navy did not have control over the notes. "The mere fact that documents are at an agency does not by itself signify control. The Court must look to the origins of the documents, where they were maintained, and how they were used."[35] The Court found that the Navy lacked possession and control over the notebooks for the following reasons:

> Haberlin created and maintained the notebooks. She did not include them in the official procurement files or reference them in any agency document, nor did she permit other employees to gain access to them. Additionally, Haberlin only relinquished control over the notebooks on one occasion -- for purposes of an investigation by the Naval Investigative Service.[36]

In *Inner City Press/Cmty. on the Move v. Bd. of Governors of Fed. Reserve Sys.*,[37] the court held that an employee's notes of a telephone conference were personal and not "agency records" under FOIA. In so holding, the court relied on the fact that the employee "took the notes

---

[32] Bureau of Nat. Affairs, Inc. v. U.S. Dep't of Justice, 742 F.2d 1484, 1489-90 (D.C. Cir.1984).
[33] CIVIL ACTION 90-0283, 1992 WL 739887 (D.D.C. Aug. 28, 1992)
[34] *Id.* at *3.
[35] *Id.,* citing *Kissinger v. Reporters Committee for Freedom of the Press,* 445 U.S. 136, 157 (1980).
[36] *Id.*
[37] 98 CIV. 4608 (DLC), 1998 WL 690371 (S.D.N.Y. Sept. 30, 1998*) aff'd sub nom. Inner City Press/community On The Move v. Bd. of Governors of Fed. Reserve Sys.*, 182 F.3d 900 (2d Cir.1999),

on his own initiative, and neither shared them with other agency employees nor placed them in agency files."[38]

The present case is similar to *Hamrick* and *Inner City Press.* As the courts found in both *Hamrick* and *Inner City Press,* the mere fact that these notes were created by an LSU employee does not, in and of itself, render Defendant Arp's notes public records. Instead, this Court must look to the origin of the notes, where they are maintained, and how they are used. Defendant Arp took notes of the faculty panel discussion in order to allow him to draft the memorandum outlining the important factors underlying the faculty's recommendation. Defendant Arp was not required by LSU to take notes of the faculty panel discussion.[39] These notes were taken solely for Defendant Arp's own use.[40] The notes are not maintained by LSU and were not included in Plaintiff Herster's personnel file or any other official record maintained by LSU. Therefore, like the notes at issue in *Hamrick* and *Inner City Press,* the notes taken by Defendant Arp are his personal notes and not subject to disclosure under Louisiana's Public Records law.

### c. The notes are not documents contemplated by the EEOC preservation notice.

Plaintiffs assert that LSU was also required by the EEOC to maintain Defendant Arp's notes pursuant to 29 C.F.R. 1602.14. The portion of 29 C.F.R. 1602.14 cited in Plaintiff Herster's EEOC charge states,

> Where a charge…has been filed, or an action brought by the Commission or the Attorney General, against an employer under title VII, the ADA, or GINA, the respondent employer shall preserve all personnel records relevant to the charge or action until final disposition of the charge or the action. The term "personnel records relevant to the charge," for example, would include personnel or employment records relating to the aggrieved person

---

[38] *Id.*
[39] PS-36-NT attached hereto as Exhibit "F."
[40] Deposition of Kimberly Arp attached hereto as Exhibit "B" at p. 60.

and to all other employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates for the same position as that for which the aggrieved person applied and was rejected. The date of final disposition of the charge or the action means the date of expiration of the statutory period within which the aggrieved person may bring an action in a U.S. District Court or, where an action is brought against an employer either by the aggrieved person, the Commission, or by the Attorney General, the date on which such litigation is terminated.

This regulation requires the grievant's employer to preserve "all personnel records relevant to the charge or action."[41] But, "[i]t is sufficient that the employer retains only the actual employment record itself, not the rough drafts or processes which may lead up to it."[42] Further, "[e]mployers are not required to keep every single piece of scrap paper that various employees may create during the termination process."[43]

Defendant Arp's notes are not "personnel or employment records" as described in 29 C.F.R. 1602.14. LSU Policy Statement 40 defines "personnel records" as follows:

**Any record maintained in any administrative office of the University in connection with the recruitment and employment of any person** whether the record is store in printed or written form, micrographically, electronically or otherwise. Such records include but are not necessarily limited to letters of application, personal resumes, letters of recommendation, academic records, materials furnished by a placement service, appointment forms, records of promotion or other changes in status subsequent to appointment, salary raises, leave accrual, uses and balances and any other personnel action processed through the Office of Human Resource Management, performance evaluations, and correspondence in the employee's personnel folder between the

---

[41] *Id.*

[42] Rummery v. Illinois Bell Telephone Co., 250 F. 3d 553, 559 (7th Cir. 2001).

[43] *Id.* at 558.

individual employee and any administrative office of the University.[44]

[emphasis added]. LSU policy does not require that minutes or notes be taken during faculty panel discussions.[45] Thus, any notes that may be taken are the personal notes of the faculty member, not minutes of the meeting. Furthermore, notes taken during a faculty panel discussion are not maintained in any administrative office of the University.[46] Since the notes taken by Defendant Arp are not personnel records, the notes are not documents included in 29 C.F.R. 1602.14. Therefore, the EEOC charge citing 29 C.F.R. 1602.14 did not give rise to a duty to preserve Defendant Arp's notes.

## 2. LSU had no control over Defendant Arp's notes.

As discussed above, the notes taken by Defendant Arp at the two faculty panel discussions were Defendant Arp's personal notes and not an official LSU document. For this reason, LSU lacked control over Defendant Arp's notes and did not handle the disposal of the notes. While Defendant Arp consulted with LSU Human Resources Management regarding the propriety of producing his notes to Plaintiff Herster, Human Resources Management, acting on behalf of LSU, did not order that Defendant Arp destroy his notes.[47] Defendant Arp, who remained in possession of the notes, chose to dispose of his notes once the University had made their final determination regarding Plaintiff Herster's appointment.[48] This indicates that LSU had no control over Defendant Arp's notes, which is a required element of the spoliation cause of action. Therefore, summary judgment should be denied.

---

[44] Emphasis added.
[45] PS-36-NT, p. 17-18.
[46] Affidavit of Mimi Singer attached hereto as Exhibit "G"
[47] *Id*; *See also* Affidavit of Jennifer Normand attached hereto as Exhibit "J," and Affidavit of A.G. Monaco attached hereto as Exhibit "K;" Deposition of Kimberly Arp attached hereto as Exhibit "B" at p. 61-62.
[48] Deposition of Kimberly Arp attached hereto as Exhibit "B" at p. 60-61.

### ii. LSU did not act in bad faith by not requiring Defendant Arp to preserve the notes.

Defendant LSU determined that Plaintiff Herster was not entitled to a copy of Defendant Arp's notes in order to ensure the confidentiality of her reappointment review. The very first provision governing appointment and reappointment procedure is confidentiality of these proceedings.[49] LSU policy states that "every effort shall be made to ensure confidentiality of the processes of PS-36-NT."[50]

Defendant Ruebsamen, on behalf of LSU Human Resources Management, recommended that Plaintiff Herster not be provided with a copy of any minutes or notes taken during her reappointment review in order to maintain the confidentiality of the review.[51] Defendant Ruebsamen made her recommendation on the basis that "the meeting is supposed to occur where they [the faculty panel] can have free and open discussion about positives, negatives, whatever it is."[52] Providing Plaintiff Herster with a copy of Defendant Arp's notes would set a precedent that would restrict free and open discussion in the future.

Since it was recommended that Defendant Arp's notes not be provided to Plaintiff Herster, Defendant Arp maintained the notes until the University made a final determination regarding Plaintiff Herster's reappointment.[53] He stated that it is the practice to maintain the notes until "the university has made its determination [on a] particular case."[54] Once the University has made its final determination, "those notes have served their purpose."[55]

---

[49] PS-36-NT attached hereto as Exhibit "F" at Subsection V.A, p. 12.
[50] *Id.*
[51] Deposition of Mimi Ruebsamen attached hereto as Exhibit "L" at p. 44, line 20 to page 45, line 13.
[52] *Id.*
[53] Deposition of Kimberly Arp attached hereto as Exhibit "B" at p. 65-67.
[54] *Id.,* at p. 65, lines 22-25.
[55] *Id.*

Neither Defendant Arp nor the other defendants acted in bad faith by not maintaining the notes taken during Plaintiff Herster's reappointment reviews. Further, there was no intent that the destruction thereof prevent Ms. Herster from later discovering the documents in litigation because there was no belief that Ms. Herster was ever entitled to discover them in the first place. All defendants acted in accordance with LSU policies and procedures and in consideration of the importance of maintaining confidentiality of reappointment reviews and avoiding a precedent that would restrict free and open discussion at future reappointment reviews. There was no intent to deprive Plaintiff Herster of the reasons for her non-reappointment; indeed, Plaintiff Herster received the memorandum outlining the reasons for the faculty panel's non-reappointment decision, as required by LSU policy. There was no culpable breach of the duty to maintain the notes, and thus, Plaintiffs are not entitled to an adverse presumption.

Finally, Plaintiffs were not prejudiced by not receiving a copy of these notes. As previously discussed, these notes were taken by Defendant Arp to be put into his report of the faculty panel's recommendation. Plaintiff Herster received a copy of Defendant Arp's report and was informed of the reasons for her non-reappointment, as required by LSU policy and procedure. Plaintiff Herster was not entitled to notes taken her reappointment reviews, and as such, Plaintiffs are not prejudiced by not receiving these notes. Therefore, Plaintiffs' Motion for an Adverse Presumption should be denied.

## III.     CONCLUSION

Plaintiffs' claims in their instant motion involve nothing more than inflammatory language and inflated and unsupported allegations of bad faith. But discussed above and attached hereto are twelve exhibits which refute Plaintiffs' claims that the Defendants intentionally

destroyed evidence that Ms. Herster was entitled to discover in this matter. In fact, they prove the exact opposite.

Mr. Arp avers that his destruction of the notes was not performed for the purposes of depriving Ms. Herster of them in this action. The HRM defendants aver that they did not have anything to do with the notes' destruction. LSU avers that it had no control or possession of the notes because they were not records that were administered or maintained by the University and were merely personal documents not within the University's duty to maintain. This evidence alone, at a minimum, proves that a genuine issue of material fact exists regarding the Defendants' liability for spoliation in this matter. Accordingly, Defendants respectfully request that Plaintiffs' Motion for Summary Judgment be denied.

Respectfully Submitted:

**JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL**

**SHOWS, CALI & WALSH, LLP**

/s/Caroline T. Bond_____
E. Wade Shows, La. Bar Roll No. 7637
Amy L. McInnis, La. Bar Roll No. 29337
Beth P. Everett, La. Bar Roll No. 33818
Caroline T. Bond, La. Bar Roll No. 34120
SPECIAL ASSISTANT ATTORNEYS GENERAL
628 St. Louis Street (70802)
P.O. Drawer 4425
Baton Rouge, Louisiana 70821
Telephone: (225)346-1461
Facsimile: (225) 346-1467
ews@scwllp.com
amym@scwllp.com
bethe@scwllp.com
caroline@scwllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of July, 2014, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to CM/ECF participants by operation of this court's electronic filing system.

/s/ Caroline T. Bond
Caroline T. Bond