UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MARGARET HERSTER AND
SCOTT SULLIVAN

CIVIL ACTION

VERSUS

NO. 13-139-JJB-SCR

BOARD OF SUPERVISORS, *ET AL.*

## RULING ON MOTIONS IN LIMINE

These matters are before the Court on two motions in limine.  The first is a motion in limine (Doc. 107) filed by the Plaintiffs, Margaret Herster and Scott Sullivan (collectively "Plaintiffs").  The Defendants, Board of Supervisors of the Louisiana State University and Agricultural and Mechanical College ("Board of Supervisors" or "LSU"), Rod Parker, Ken Carpenter, A.G. Monaco, Jennifer Normand, Mimi Ruebsamen, and Kimberly Arp (collectively "Defendants"),[1] have filed an opposition (Doc. 110).  The second is a motion in limine (Doc. 108) filed by the Defendants.  The Plaintiffs have filed an opposition (Doc. 109).  Oral argument is unnecessary.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

For the reasons stated herein, this Court **DENIES** Plaintiffs' Motion in Limine (Doc. 107) in its entirety, **GRANTS in part, DENIES in part, and DEFERS in part** the Defendants' Motion in Limine (Doc. 108).

I.      **Plaintiffs' Motion** (Doc. 107)[2]

a.   Issue 1: LSU Audit Papers

---

[1] Defendants Parker, Carpenter, and Arp were dismissed by this Court on summary judgment.  The dismissed defendants submitted the motion out of an abundance of caution, in the event that they are brought back into this litigation.

[2] The plaintiffs' motion also sought to preclude the defendants from "referring to, mentioning, or suggesting that tax payer monies will be used and/or otherwise involved should the plaintiffs prevail."  Doc. 107-3, 1-2.  Since the defendants responded by stating that they "do not intend to argue, mention, or suggest to the jury that a judgment rendered in favor of Plaintiffs will impact the state budget," (Doc. 110, 2) the plaintiffs' request need not be decided at this time.

The plaintiffs seek to prohibit the defendants from asserting that the plaintiffs have not met the threshold burden of demonstrating conduct in violation of law under La. R.S. 23:967. Specifically, the plaintiffs want to exclude any evidence supporting the defendants' argument that LSU did not engage in illegal activity.  The plaintiffs claim that such evidence should be excluded because the defendants failed to produce documents relating to the student fee audit, as required by a ruling on a motion to compel issued by the Magistrate Judge.  Doc. 107-3, 2-3.  In response, the defendants argue that the ruling did not require them to produce anything further, including the audit papers which the defendants argue are covered by the work-product privilege. Doc. 110, 2-3.  The Court finds that the ruling on Plaintiffs' Motion to Compel (Doc. 92) did not require the defendants to supplement their document production to include the audit papers.[3] Therefore, the plaintiffs' request to exclude evidence supporting the defendants' argument that LSU did not engage in illegal activity is **DENIED**.

  b. <u>Issue 2: Investigation Notes</u>

The plaintiffs seek to prevent the defendants from asserting the two part affirmative defense to Herster's sexual harassment claim.  Specifically, the plaintiffs seek to preclude the defendants from introducing evidence to prove that LSU "acted immediately and conducted a 'thorough' investigation of the plaintiff's complaints," as required by the first prong of the defendants' affirmative defense.  Doc. 107-3, 3-4.  Similar to the LSU audit papers, the plaintiffs claim that such evidence should be excluded because the defendants failed to produce notes taken during LSU's investigation of Herster's sexual harassment claim, as required by the abovementioned ruling.  *Id.*  As discussed above, the ruling on the plaintiffs' Motion to Compel

---

[3] The plaintiffs' Motion to Compel sought, in part, an order "compelling Defendants to fully answer discovery." Doc. 40, ¶ 8.  The defendants claimed work-product privilege for the audit working papers.  Doc. 44, 3 n.3.  This Court did not compel further production from the defendants: "Plaintiffs failed to sufficiently explain how the defendants' supplemental production remands deficient. Consequently, an order requiring another supplemental production is unwarranted."  Doc. 92, 3.

did not require the defendants to produce further documents, including the investigation notes. The defendants produced a document summarizing the investigation and such notes were also withheld on the basis of work-product privilege. Doc. 110, 4-5. Therefore, the plaintiffs' request to prevent the defendants from asserting the two part affirmative defense is **DENIED**.

## II.    **Defendants' Motion** (Doc. 108)

### a.   Issue 1: Relevance

The defendants seek to exclude the following evidence on the grounds that it is not relevant. Each piece of evidence will be discussed separately.

> (1) "Evidence, testimony, or comment that Defendants violated the FMLA in connection with Plaintiff Herster's Fall 2011 leave request, including, but not limited to, evidence or comment that Plaintiff Herster's FMLA request was met with 'hostility and bitter complaints,' or any similar comment, that Defendants 'refused to pay' Plaintiff Herster for most of the semester following her return to work, and that Plaintiff Herster was removed 'from teaching and nearly all of her duties.'"

The defendants argue that the above evidence is not relevant because the plaintiffs have not alleged violations of the FMLA; the plaintiffs' allegations concern retaliation for exercising rights under the FMLA. Doc. 108-1, 2. The plaintiffs respond by asserting that the FMLA request itself is necessary to the retaliation claim and "defendants' reactions thereto, including evidence of manifest hostility toward Plaintiff's invocation of FMLA leave and their failing to pay Ms. Herster, are most definitely relevant to her claims." Doc. 109, 3. The Court finds that the evidence listed above is relevant and therefore **DENIES** the defendants' request to exclude it.

> (2) "Evidence, testimony, or comment regarding sexual harassment or gender discrimination experienced at LSU by anyone other than Plaintiff Herster, including but not limited to, the alleged history of sexual harassment and gender discrimination in the School of Art."

The defendants argue that the above evidence is not relevant because evidence that others experienced sexual harassment or gender discrimination "does not have a tendency to make it

3

more probable that Plaintiff Herster was subjected to sexual harassment and gender discrimination while employed at LSU," and because the alleged sexual harassment or gender discrimination experienced by others is not a required element of either claim. Doc. 108-1, 3. Additionally, the defendants state that the plaintiffs have not alleged a chronic or systematic problem of sexual harassment or gender discrimination at LSU. *Id.* at 3-4. The plaintiffs respond by stating that such evidence goes towards proving a hostile work environment. Doc. 109, 4-6. The plaintiffs also state that the evidence is relevant to proving that the defendants cannot establish their affirmative defense—i.e. the evidence of others being harassed will demonstrate that the defendants failed to prevent harassment in the plaintiff's working environment. *Id.*

The plaintiffs have failed to show that the evidence in question is more than tangentially related to Herster's sexual harassment and gender discrimination claims. The plaintiffs did not set forth the particular facts supporting the alleged harassment of others. Specifically, the number of other people subjected to harassment, the temporal and physical proximity of their alleged harassment to Herster, and the nature and scope of their alleged harassment are facts necessary to determine the evidence's relevance. As such, the Court **GRANTS** the defendants' request to exclude evidence regarding sexual harassment and gender discrimination experienced by anyone other than Herster.

 (3) "Evidence, testimony, or comment that Plaintiff Herster was subjected to sexual harassment and gender discrimination by persons other than Rod Parker, including, but not limited to Ken Carpenter, Kimberly Arp, A.G. Monaco, Jennifer Normand, Mimi Ruebsamen, Thomas Neff, Michael Book, Steven Beck, and Jeremiah Ariaz."

The defendants seek to exclude the above evidence on the grounds that the plaintiffs have not alleged harassment or discrimination by anyone other than Rod Parker—evidence of

4

harassment or discrimination by others "does not make it more probable that Defendant Parker sexually harassed or discriminated against Plaintiff Herster." Doc. 108-1, 4-5. The plaintiffs argue that such evidence is relevant to showing a hostile working environment. Doc. 109, 6-7. As discussed above, the plaintiffs also claim that this evidence is relevant to disproving the defendants' affirmative defense. *Id.*

As with the evidence concerning harassment of people other than Herster, the plaintiffs have also failed to set forth the particular facts necessary to demonstrate the relevance of evidence of harassment by individuals other than Rod Parker. Therefore, the Court **GRANTS** the defendants' request to exclude such evidence.

> (4) "Evidence, testimony, or comment about the video produced by Plaintiff Herster and others regarding LSU and 'the impact of educational shortfalls and financial improprieties on students,' including, but not limited to, the video itself and all audio recordings, images, and documents related to the video."

In seeking to exclude this evidence, the defendants claim that it is only relevant to the plaintiffs' now-dismissed claim of retaliation for exercising First Amendment rights. Doc. 108-1, 6. The defendants also assert that the evidence is not relevant to the plaintiffs' claim under La. R.S. 23:967 because the defendants have stipulated to the elements of that claim in which the evidence may be relevant.[4] *Id.* at 6-7. The plaintiffs respond by asserting that the evidence is relevant to the claim under La. R.S. 23:967. Doc. 109, 9-10. The Court agrees with the defendants and therefore **GRANTS** the defendants' request to exclude evidence concerning the video produced by Herster.

> (5) "Evidence, testimony, or comment that defendants conspired or were engaged in a conspiracy to deprive Plaintiffs of their rights under state and federal law."

---

[4] According to the defendants, the plaintiffs must establish that "(1) the School of Art practices violated state law, (2) [Herster] reported the violation of state law to her employer, (3) [Herster] disclosed or threatened to disclose the violation of state law, and (4) the alleged retaliatory actions were taken as a result of her disclosure." Doc. 108-1, 6-7 (citing La. R.S. 23:967). The defendants stipulate that the plaintiff reported what she believed to be a violation of state law to her employer and that she disclosed or threatened to disclose that violation further. *Id.*

In seeking to exclude this evidence, the defendants claim that it is only relevant to the plaintiffs' now-dismissed claim for conspiracy under § 1983.  Doc. 108-1, 7.  The plaintiffs respond by asserting that they intend to introduce evidence of the actions of various employees to prove the Title VII claims against LSU, but that they are unsure what "conspiracy" evidence to which the defendants are referring.  Doc. 109, 11.  The Court finds that the abovementioned conspiracy evidence is not relevant and therefore **GRANTS** the defendants' request to exclude it.

(6) "Evidence, testimony, or comment that Plaintiff Herster was denied due process in connection with the non-renewal of her appointment and that the process by which her appointment was not renewed was in violation of LSU policy and procedure."

In seeking to exclude this evidence, the defendants claim that it is only relevant to the plaintiffs' now-dismissed claim for denial of due process under § 1983.  Doc. 108-1, 8.  The plaintiffs are unsure what evidence the defendants are referring to and again assert their plan to introduce evidence of acts of individual employees to prove the Title VII claim.  Doc. 109, 11. The Court is also unsure what evidence the defendants are referring to and therefore **DEFERS** this issue until trial.

    b.  <u>Issue 2: Expert Testimony</u>

The Court makes no ruling on this issue at this time.

    c.  <u>Issue 3: Exhibits Not Produced in Discovery</u>

The defendants seek to exclude a variety of exhibits on the plaintiffs' exhibit list because the exhibits were not produced during discovery.  *See* Doc. 108-1, 12.  In response, the plaintiffs claim that these exhibits were already turned over, are available on the internet (i.e. on YouTube), or are LSU's own materials and are therefore already in their possession.  Doc. 109, 12-13.  The Court **DEFERS** this issue until trial.

d.  Issue 4: Third Amended Complaint

The defendants seek to exclude any evidence related to claims in the plaintiffs' Third

Amended Complaint (Doc. 26) on the grounds that the plaintiffs never supplemented their initial

disclosures as required by Federal Rule of Civil Procedure 26(e).   Doc. 108-1, 12-13.

Specifically, the defendants seek to exclude any evidence, testimony, or comment that:

> (1) Rod Parker possesses firing power over School of Art employees or the
> discretion to call and preside over all meetings of the department faculty;
> (2) LSU Human Resources Management and/or Defendants Monaco, Normand,
> and Ruebsamen were involved in Plaintiff Herster's hiring and determining the
> terms of her employment; and
> (3) Defendant Carpenter had to seek approval from LSU Human Resources
> Management and/or Defendants Monaco, Normand, and Ruebsamen before
> offering Plaintiff Herster a new employment agreement.

*Id.*  The plaintiffs claim that they supplemented the initial disclosure with "thousands more

pages" of materials.  Doc. 109, 13-14.  The Court **DENIES** the defendants' request to exclude

any evidence related to claims in the plaintiffs' Third Amended Complaint.

e.  Issue 5: Hearsay

The defendants seek to exclude the following exhibits on the grounds that they are

hearsay.  Each exhibit will be discussed separately.

> (1) "Exhibit 136 – Video footage of interview with Digital Art student's wife
> about program and its impact on their family."

The defendants are unsure as to the plaintiffs' purpose in introducing this video footage

or the video's content.  Doc. 108-1, 14.  If used for the truth of the matter asserted, the

defendants need more information, such as the declarant's identity and availability, to determine

if a valid exception applies.  *Id.*  The defendants also object to the videos relevance—stating that

it is not relevant to any of plaintiffs' claims or damages.  *Id.*  The plaintiffs state that the video is

part of the video produced by Herster and is therefore relevant to the claim under La. R.S.

23:967, as discussed above.  Doc. 109, 14.  The plaintiffs request that the Court defer this issue until trial.  *Id.* at 14-15.  The Court already decided that the video produced by Herster is not relevant, and because Exhibit 136 is merely a portion of the larger video, the Court **GRANTS** the defendants' request to exclude Exhibit 136.

> (2) "Exhibit 144 – Facebook comments/tweets of support for MH [Margot Herster], outrage at LSU re: course fee issue after lawsuit is filed."

The defendants seek to exclude this evidence because it constitutes hearsay not within an exception.  Doc. 108-1, 15.  Specifically, the defendants argue that the facebook comments and tweets do not fall under the present sense impression exception to hearsay because it is impossible to know whether the comments were made while or immediately after the declarants learned of the present lawsuit.  *Id.*  The defendants also object to the exhibit's relevance because the comments were made after the present lawsuit was filed.  *Id.*  The plaintiffs argue that this evidence may be used for impeachment purposes or as prior inconsistent statements, depending on the testimony at trial.  Doc. 109, 14.  Again, the plaintiffs request the Court to defer this issue until trial.  *Id.* at 14-15.  The Court agrees with the defendants and therefore **GRANTS** the defendants' request to exclude Exhibit 144.

> (3) "Exhibits 148 and 149 – Facebook message from student [Emily] and former student [Leah] to Margot Herster."

The defendants are not sure plaintiffs' purpose in introducing these exhibits.  Doc. 108-1, 15.  In seeking to exclude these exhibits, the defendants assert the same arguments as discussed for Exhibit 144 and note that they do not know the identity and availability of the declarants.  *Id.*  The plaintiffs state that these exhibits may be used for impeachment or prior inconsistent statements and request the Court to defer a ruling until trial.  Doc. 109, 15.  The Court agrees

with the defendants and therefore **GRANTS** the defendants' request to exclude Exhibits 148 and

149.

> (4) "Any and all recorded conversations, including, but not limited to, Exhibit 224
> – Tape recorded calls between the plaintiff and defendants' witnesses,
> specifically including Derick Ostrenko."

The defendants argue that this evidence constitutes hearsay and cannot be used to

impeach the declarants because the recorded conversations were not given under penalty of

perjury at a trial, hearing, or other proceeding or in a deposition.  Doc. 108-1, 16.  The plaintiffs

argue that this evidence will be used to refresh, as a prior inconsistent statement, and/or for

impeachment purposes.  Doc. 109, 15.  The Court **DEFERS** ruling on this issue until trial.

> f.  Issue 6: Probative Value

The defendants seek to exclude the following evidence on Federal Rules of Evidence 403 and

404(b) grounds.  Each piece of evidence will be discussed separately.

> (1) "'Editorialization' of the internal audit report, including, but not limited to,
> comments that School of Art course fees were illegally assessed and
> misappropriated and that the internal auditors recommended removal of
> Defendant Parker from the position of director."

The defendants seek to exclude certain statements involving the internal audit report,

claiming that editorializing the report in this manner will mislead the jury and unfairly prejudice

the defendants.  Doc. 108-1, 17.  The plaintiffs respond by asserting that the defendants'

argument is not proper for a motion in limine and, additionally, that referring to the actions

documented in the report as "illegal" is essential to the plaintiffs' claim.  Doc. 109, 16.  The

Court **DEFERS** ruling on this issue until trial.

> (2) "Evidence, testimony, or comment regarding Rod Parker's alleged misuse of
> his LaCarte procurement card in 2004."

In seeking to exclude this evidence, the defendants argue that it is only relevant to Rod Parker's character and is not relevant to showing "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Doc. 108-1, 18.  Even if such evidence is relevant to an issue other than character, the defendants assert that its probative value is substantially outweighed by unfair prejudice.  *Id.*  In response, the plaintiffs argue that this evidence is relevant to proving Rod Parker's retaliatory motive and absence of mistake.  Doc. 109, 17.  The Court agrees with the defendants and therefore **GRANTS** the defendants' request to exclude this evidence.

(3) "Evidence, testimony, or comment regarding Kimberly Arp's inadvertent misuse of LSU resources."

In support of their positions, the defendants and plaintiffs rely on arguments similar to those made concerning Rod Parker's alleged misuse of his LaCarte procurement card. *See* Doc. 108-1, 20-21; Doc. 109, 17.  The Court agrees with the defendants and therefore **GRANTS** the defendants' request to exclude this evidence.

(4) "Evidence, testimony, or comment regarding Baton Rouge City Court proceedings involving Rod Parker."

The defendants argue that this evidence is not relevant other than to prove Rod Parker's character, is not probative of Parker's character for truthfulness or dishonesty, and even if relevant it has very little probative value.  Doc. 108-1, 21-22.  The plaintiffs argue that such evidence is highly probative because it occurred within the last ten years, exacerbated Herster's distress, and has been part of Herster's harassment complaints from the beginning.  Doc. 109, 18-19.  The Court **DEFERS** ruling on this issue until trial.

### III.   Conclusion

For the reasons stated above, this Court **DENIES** Plaintiffs' Motion in Limine (Doc. 107) in its entirety, **GRANTS in part, DENIES in part, and DEFERS in part** the Defendants' Motion in Limine (Doc. 108).

Signed in Baton Rouge, Louisiana, on September 15, 2015.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**