UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARGARET HERSTER AND
SCOTT SULLIVAN

CIVIL ACTION

VERSUS

NO. 13-00139-JJB-EWD

BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY, *ET AL.*

ORDER AND REASONS

Before the Court is a *Motion for a New Trial Under Fed. R. Civ. P. 59* filed by Plaintiff Margaret Herster ("Herster" or "Plaintiff").[1] The Board of Supervisors of Louisiana State University ("LSU" or "Defendant") has filed an *Opposition*.[2] For the following reasons, the *Motion* shall be denied.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

In this removal action, Herster asserted various Title VII and state law claims against her former employer, LSU.[3] During the six day jury trial, the Court granted several of the Defendant's Rule 50 Motions resulting in the dismissal of Plaintiff's Title VII sexual harassment/hostile work environment claim, Title VII disparate pay claim based upon gender, benefits claim, and Louisiana state law whistleblower claims. On December 12, 2016, the jury returned a verdict finding in favor of the Defendant on Plaintiff's remaining

---

[1] Doc. 232.
[2] Doc. 250.
[3] Scott Sullivan was also a Plaintiff in this case until the Court dismissed the spoliation of evidence claims prior to trial. Doc. 206. The issues raised in the instant motion do not concern the dismissal of the spoliation claims.

1

Title VII retaliation claim and Title VII retaliatory harassment claim.[4] On December 14, 2016, the Court entered a Judgment in favor of the Defendant.[5]

## II. LAW AND ANALYSIS

Rule 59 provides that after a jury trial, a "court may, on motion, grant a new trial on all or some of the issues ... for any reason for which a new trial has heretofore been granted in an action at law in federal court."[6] Although Rule 59(a) does not provide the specific grounds for new trial, the Fifth Circuit has clarified that a new trial may be warranted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course."[7] Ultimately, the decision whether to grant a new trial is left to the sound discretion of the trial judge, and "the court's authority is broad."[8]

Herster requests that the Court grant a new trial for three reasons. First, Plaintiff asserts that certain evidentiary rulings made by the Court constituted plain error that prejudiced her. Although not plainly stated, it appears that Herster is challenging the Court's application of its pretrial *Ruling*[9] during trial, whereby she was prohibited from introducing evidence of gender discrimination and sexual harassment experienced by anyone but her at the LSU School of Art and offering any evidence of harassment committed by anyone but Rod Parker. In particular, Plaintiff challenges the inadmissibility and required redaction of certain information included in her original and amended Equal Employment Opportunity Commission Charge ("EEOC" Charge) and internal complaint

---

[4] Doc. 228.
[5] Doc. 230.
[6] Fed. R. Civ. P. 59(a)(1)(A).
[7] *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985)(citations omitted).
[8] *Thibodeaux v. Wellmate*, No. 12-1375, 2016 WL 4138645, *1 (E.D.La. Aug. 4, 2016)(citing *In re Omega Protein, Inc.*, No. 04-02071, 2007 WL 1974309, at *2 (W.D.La. July 2, 2007)).
[9] Doc. 154.

to LSU's Human Resource Department, as well as the limitations placed upon her own testimony at trial. After reviewing the jurisprudence relied upon by Plaintiff, the Court finds that the cases do not support her position. Therefore, the Court maintains its earlier stance that Herster failed to show how evidence of harassment of others or by anyone other than Rod Parker was "more than tangentially related" to her own claims because she "did not set forth the particular facts supporting the alleged harassment of others;"[10] therefore, the exclusion of such evidence, including certain testimony, was proper. Furthermore, the Court agrees with the Defendant that the excluded content amounted to hearsay.

Herster also contends that the Court erroneously excluded the introduction of 2003 criminal arrest records of Rod Parker ("Parker") or any related testimony at trial. The Court disagrees and finds the records and related testimony were properly excluded as unfairly prejudicial, substantially outweighing any probative value they may have had. Moreover, the record reflects that Herster was able to explore the extent of LSU's investigation of her complaints at trial through Jennifer Normand. To the extent Plaintiff sought to introduce these decade-old criminal arrest records as evidence of Parker's character to prove that he sexually harassed or discriminated against her, it would have been prohibited under Rule 404(a)(1) of the Federal Rules of Evidence. Hence, the Court finds it properly excluded the 2003 criminal arrest records and related testimony.

Next Herster argues that the Court committed clear error and prejudiced her by refusing to provide a "Cat's Paw" jury instruction. The Court disagrees as Plaintiff failed to demonstrate a genuine issue of material fact existed that would require such a jury

---

[10] Doc. 154, pp. 4-5.

instruction. The Plaintiff also contends that the Court erred in its response to a jury inquiry during deliberations. When asked, the Court instructed the jury that that the course fee issue could not be considered in deciding Plaintiff's Title VII retaliation claim. The Plaintiff has repeatedly attempted to blur all of her separate claims together as one; hence, the Court is not surprised that she is once again trying to do so here. Plaintiff's Title VII gender based retaliation claims and her state law whistleblower claims were separate and distinct claims. Because the Court had previously granted a Rule 50(a) Motion on Herster's whistleblower claims, the course fee issue had no bearing on her Title VII retaliation claims. Therefore, the Court finds that Herster is not entitled to a Motion for New Trial on these grounds.

At the close of Plaintiff's case, the Defendant moved for Rule 50(a) dismissal on several of her claims after articulating their evidentiary deficiencies. The Court ultimately granted several of the Defendant's Motions. Herster now asserts that she is entitled to a new trial because the Court refused to allow her to cure the perceived evidentiary deficiencies prior to the dismissal of her claims.[11] Initially, the Court points out that Plaintiff never requested leave to reopen her case in order to present additional evidence to cure the evidentiary deficiencies identified in the Defendant's Motions. Additionally, the jurisprudence Plaintiff relies upon in support of her argument is also inapplicable here. This Court, unlike the district court under review in *Echeverria v. Chevron USA Inc.*,[12] did not grant any of the Rule 50(a) Motions until Herster had rested or had been "fully heard"

---

[11] Plaintiff specifically states that she is not seeking to challenge, for the purpose of this *Motion*, the Court's Rule 50(a) dismissal of her Title VII sexual harassment/hostile work environment claim, Title VII disparate pay claim based upon gender, and state whistleblower claims. Doc. 232-1, p. 18.
[12] *Echeverria v. Chevron USA Inc.*, 391 F.3d 607 (5th Cir. 2004).

on her case.[13] As for the procedural issue requiring that a Rule 50(a) motion precede the filing of a Rule 50(b) motion discussed in *Bohrer v. Hanes Corp.*,[14] it lends nothing to Herster's argument. Accordingly, the Court finds that Plaintiff is not entitled to a new trial on this ground.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiff Margaret Herster's *Motion for New Trial*.[15]

Signed in Baton Rouge, Louisiana, on March 27, 2017.

_____
JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[13] Plaintiff rested her case on December 8, 2016, and Rule 50 Motions were not argued or heard by the Court until December 9, 2016 and December 12, 2016. Docs. 224, 225, and 226. *See also*, Doc. 253 (Trial Transcript from December 8, 2016, pp. 196-97).
[14] *Bohrer v. Hanes Corp.*, 715 F.2d 213, 216 (5th Cir. 1983).
[15] Doc. 232.

5